UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-62181-CIV-COHN/SELTZER

BCOM INVESTMENT MANAGER, LLLP;
BCOM REAL ESTATE FUND, LLC
LIQUIDATING TRUST; and
MICHAEL BAUMANN,

    Plaintiffs,

v.

PETER G. AYLWARD and STRATEGIC
PROPERTY ADVISERS, INC.,

    Defendants.
_____/

## ORDER REQUIRING AMENDED COMPLAINT

**THIS CAUSE** is before the Court sua sponte.  The Court previously set a hearing on Defendants' Motion to Dismiss Plaintiffs' Complaint [DE 11] ("Motion").  But after further reviewing the Complaint, the Motion, and all related filings, the Court will cancel the hearing and order Plaintiffs to file an Amended Complaint as described below.

Plaintiffs, an investment trust and its managers, brought this action against Defendants, which provide management and consulting services to investment funds.  See DE 2 (Compl.).  In general, Plaintiffs' Complaint alleges that Defendants breached a settlement agreement in a prior federal action (the "Agreement") by authorizing the filing of a lawsuit in Delaware Chancery Court (the "Delaware Action").  According to Plaintiffs, the Delaware Action has prevented them from completing a multi-million-dollar transaction with a third party, resulting in significant harm to Plaintiffs.  The Complaint pleads claims for breach of the Agreement and for tortious interference

with a business relationship or contract.  Plaintiffs also seek a declaratory judgment regarding Defendants' alleged violation of the Agreement.

In particular, the Complaint details the background of Plaintiffs' transaction with the third party.  See DE 2 at 4-8.  The Complaint then turns to the earlier federal case, the Agreement, and Defendants' claimed violation of its terms.  See id. at 8-15.  Plaintiffs broadly address the prior case and quote certain provisions of the Agreement.  But Plaintiffs fail to explain, in concrete terms, how Defendants violated the Agreement.  Nowhere do Plaintiffs discuss the specific nature of the claims in the prior action, the substance of what the Agreement barred Defendants from doing in the future (if anything), and how exactly Defendants' involvement in the Delaware Action violated the terms of the Agreement.  Without these missing facts, Plaintiffs cannot plausibly allege that Defendants breached any legal duties to them.  See Fed. R. Civ. P. 8(a)(2) (requiring a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that in order to survive dismissal, a complaint must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))).  Nor can the Court discern the precise basis for Plaintiffs' claims, much less evaluate the issues raised by Defendants' Motion.  The Court will therefore require Plaintiffs to replead their Complaint, clearly identifying the facts that support their claims.[1]  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

---

[1] That Plaintiffs have attached some of the underlying case documents to their Complaint does not change the Court's analysis.  It is Plaintiffs' responsibility to plead in their Complaint the facts that plausibly support the claims asserted.

1. Plaintiffs' Complaint [DE 2] is **DISMISSED WITHOUT PREJUDICE**;

2. By **April 3, 2015,** Plaintiffs shall file an Amended Complaint in accordance with this Order. To the extent appropriate, the Amended Complaint should also take into account the issues raised in Defendants' Motion to Dismiss Plaintiffs' Complaint [DE 11];

3. By **April 24, 2015,** Defendants shall respond to Plaintiffs' Amended Complaint;

4. Defendants' Motion to Dismiss Plaintiffs' Complaint [DE 11] is **DENIED AS MOOT**; and

5. The motion hearing scheduled for March 17, 2015, is **CANCELLED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of March, 2015.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF